Ruffin, Chief Justice,
after stating the case as above, proceeded as follows: — With any terms, which his Honor might in his discretion have imposed as a reasonable condition of *11 vacating the judgment, this court would have as little indi-nation, as it has authority to interfere, and we wish it further understood, that if the Superior Court had refused the motion r- • U • , _ _ , upon an exercise of its discretion, we should not undertake to revise it here. Rut the record conclusively repels a presumption of that sort, since it explicitly states that the pro- ... , . r J , , L , ceeding was irregular, and consequently ought to be corrected, and would have been corrected but for the Want of power in the court to do so on motion. Our attention is therefore confined to the questions intended to be presented upon the record; which are, whether the judgment was irregular ; and if it be, whether the Superior Court had the power to set it aside on motion.
preme , (Sourt will reversea ■ gu-fusing to discretion-ai7 P°w“> refusal pro-the1 exercise of its discretion, but grouníof a w0a”pr°tf0 act
In ^ judgments, of signed out default1 before the riod of the kreguiar.
An irregular judgment is one rendered contrary to the course and practice of the court.
t te e take it, that this was an exparte judgment by default, signed in the office for want of an appearance. So much is to be implied from the nature of the proceeding itself, and from the course of all the courts of the State. But in this case the presumption is established by the declaration in the record, that the judgment was irregular, as well as erroneous ; for a judgment rendered by the judge himself cannot in a legal sense be irregular, however erroneous — since the course and practice of the court is established by the acts of the judge, and unless prescribed by statute can be altered from time to time by him. Could it then be regular in t'he course of any court to take, without the actual interposition of the court, a judgment for the non-appearance of a party on a bond, when the judgment was taken on a day prior to that prescribed for his appearance in the bond 1 In general, a judgment taken without service of process; one signed out of term ; one by default, before the proper period of the term ; may be stated as well understood instances of irregular judgment. Skinner v. Moore, Ante 2. vol. 138. It is true, in this case no process is necessary under the but judgment may be entered up inslanter in case of failure to appear. But certainly the failure to appear must be a failure to appear on that day specified in the condition ; for not appearing on any other day is not a default within that bond. To take a judgment by default before the day is *12 therefore the same as signing judgment at one court, when the process is returnable to the next, or without service of process at all.
Whether it is the duty of the officer or the defendant to prepare' the bond to be given for the defendant’s appearance to take the benefit of the act of 1822 for the relief of insolvent debtors.
The bond fendanCs" appearance nci of 1822, withethed execution nmre of process to compel an appearance, and.' the return day thereof must be certain.
*12 It is said, however, that it was the debtor’s own fault, that the proper period was not inserted in the bond, as it was his duty to tender the bond; and further, that as he was bound by the terms of the instrument to attend at the next term, he was obliged at his peril, to take notice of the proper time, and the particular day mentioned in the condition may be treated as a surplusage. In answer to this, it may be remarked, in the first place, that it cannot be yielded to be the debtor’s duty to tender the bond. He is certainly bound to tender the su-rities ; but notwithstanding the words of the statute, it may be-incumbent on the officer to prepare the bond. If so, it was not the fault of the debtor but that of the sheriff; and the latter ought to be responsible — as indeed, he is for discharging the debtor from custody upon an insufficient bond whether the one or the other was legally bound to prepare a proper one. But, supposing it be the debtor’s duty, the judgment will not be helped thereby. He may be arrested again on the original judgment, or the sheriff may be sued; but this judgment by default on the bond cannot stand, because it is against both the debtor and his surety and according to the bond, there was no default on which judgment could be signed. The surety was in no fault, and has a right to insist on the terms of his contract; and this is his motion as well as the debtor’s. Neither can the day mentioned in the bond for the appearance be rejected, as overruled by the words “next court” In a writ the return day must be certain, and that specified' would certainly control the general terms “at the next term of our court, &c;” and this bond connected with the execution is in the nature of process to compel an appearance to answer, and therefore seems to stand on the same reason. But if this be not so, another insuperable difficulty in the way of the plaintiffs pre-gents itself in the fact, that the plaintiffs themselves did not appear at the next term, after the date of the bond to demand ^e debtor, and the process and bond were not returned to the next term, but to that succeeding it. If the particular day stated in the condition can be rejected and the bond is *13 to be read as stipulating for an appearance simply, at the ■next term, that was in November 1836 and the whole was discontinued, as the return was to May 1837: in which case also the judgment by default is irregular. The court there; fore is entirely satisfied that the judgment was irregular and unjust and ought in some way to be dealt with so as to admit the defendants to be heard on the merits. If it were to stand; as to the surety he would be fixed without laches and against his contract; and as to the principal, he would be deprived of the benefit of the act of 1822 by its express provision, although he be an honest insolvent debtor. The creditors may undoubtedly have remedy for their debt; but . they ought not to get it in this short hand way, against the. law, the course of the court and fair practice, and to the prejudice of the legal rights of the other parties.
If ajudgment by default, in-terlocuto-ry or final, be signed according to the course of the court, then it is the judge's judgment; because it is entered. according rections." though" former is derthe Un" the court*f yet from its the'court and\viu1 not inter-the latter, final judgment after. which it is taken.
*13 Of the power of the court to vacate an irregular office judgment, no doubt is entertained by us. It has been exercised in innumerable instances, for the purposes of justice, and to allow to both parties the opportunity of being heard. It proceeds on the ground that a judgment has been signed on the record, which was not in fact the judgment of the court, which the court ought not to have rendered, and which the plaintiff or his attorney knew the court would not at all give or allow, or would not then give or allow. — It supposes a judgment, as respects the period and circumstances of rendering it, and it's conclusiveness on rights which have not been investigated, not only without the authority of the judge, but against and in spite of his opinion and will, as declared or evinced in the settled practice, or as it is called, the course of the court. If judgment by default, interlocutory or final, be signed according to the course of the court, then it is the judge’s judgment; because it is entered according to his directions. And, although the former is always under the control of the court yet from its nature the court ought not and will not interfere with the latter, that is, a final judgment after the term at which it is taken. If the judgment be taken against the course of the Court, then it is in no sense the Judges judgment; and it belongs to him as a right of his own, to make the record speak the truth, by vacating the entry of what purports to be his act, but was not his act in *14 reality. It is incident also to his duty of administering justice between parties. It is true, that until set aside, it must ™ general be regarded as a subsisting and regular'judgment, as to all the world. But any person affected in interest may ctaim, ez debito justicies, the exercise or this power ot the Court to vacate a judgment entered without an actual or n < — 1 implied adjudication ; and this motion was made in due time, being at the first court after the judgment. The text writers ^ o1^ distances in which irregular judgments by default have been set aside at a subsequent term. Tidd’s Prac. Bingham on judgments, 21, 22. There have also been many accordant adjudications in this State. Among them are the cases of Crumpler v. the Governor, 1 Dev. Rep. 52, and Bender v. Askew, 3, Dev. Rep. 150. For the reasons given this seems to be a necessary function of every court. Much more is it incident, from extreme necessity, to the court of the highest jurisdiction, to which no writ of error bes as is the case with our Superior Courts of Law.
Until set irregular judgment genefal be asSa sulf-s^s“yKand judgment theworld.
'ot Crump-Ur v. the Governor, 1 Dev. Rep. Sendtr v. As/cew 3 Dev. Rep. 150 appro-
The Court concludes, that the decision of his Honor is erroneous — inasmuch as the Superior Court of Cumberland ha(j power to vacate the judgment in question, if irregular ; and as this Court deems the same irregular and it was also s0 declared by his Honor on the motion before him, in the opinion of this Court, the Superior Court ought to have allowed the motion and set aside the judgment. Wherefore the decision of the Superior Court on the motion must be reversed with costs, and this judgment certified to that Court, in order that the said motion may be there allowed, and the entry of the judgment against Anderson and Duckworth vacated.
h*1311 Cum am. , Judgment reversed.